IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| Maurice Antoine Baker a/k/a | ) | |
| Maurice Antione Baker, | ) | |
| Petitioner, | ) | |
|  | ) | |
| v. | ) | 1:11cv562 (LO/TRJ) |
|  | ) | |
| Harold W. Clarke, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Maurice Antoine Baker a/k/a Maurice Antione Baker, a Virginia inmate proceeding pro
se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the
constitutionality of his conviction in the Circuit Court of the City of Norfolk. On August 12,
2011, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief
and exhibits. Baker was given the opportunity to file responsive materials, pursuant to Roseboro
v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed no reply. For the following reasons,
respondent's Motion to Dismiss must be granted, and the petition will be dismissed, with
prejudice.

I. Background

On June 4, 2009, Baker was convicted following a jury trial of first degree murder and
use of a firearm to commit that felony. On August 11, 2009, Baker was sentenced to serve an
aggregate of 49 years in prison, to be served consecutively with all other sentences.
Commonwealth v. Baker, Case No. CR08003262-00 and -01; Resp. Ex. 1. The opinion of the
Virginia Court of Appeals issued on petitioner's direct appeal reflects the following underlying

1

facts:

> ... [D]uring the early morning hours on January 26, 2008, appellant, Yarnell Norman, and Timothy Yates were at a nightclub. Walter Moore was also at the club and had arranged to ride to a party with appellant. Moore testified that as the club was closing, he waited out front for appellant to pick him up. At that time, he saw Norman and Yates arguing outside. When appellant arrived at the front of the nightclub, Moore began to get into appellant's car. At the same time, appellant exited the vehicle with a handgun. Appellant fired the gun several times in the direction of Yates. Norman ran and then reappeared with a handgun. Norman also began firing at Yates. Norman then jumped into appellant's vehicle, and they sped off. Yates was struck and killed during the shooting.

Baker v. Commonwealth, R. No. 1799-09-1 (Va. Ct. App. Mar. 31, 2010), slip. op. at 2; Resp. Ex. 2.

Baker filed a direct appeal of his convictions, raising the following claims:

1. The trial court erred in refusing his proffered jury instruction on the shared criminal intent necessary to convict a defendant under the theory of concert of action.

2. The trial court erred in refusing to strike the Commonwealth's evidence.

Resp. Ex. 2. A judge of the Court of Appeals denied Baker's petition for appeal on March 31, 2010, Resp. Ex. 2, and the Supreme Court of Virginia subsequently refused his petition for further review. Baker v. Commonwealth, R. No. 100835 (Va. Sept. 13, 2010); Resp. Ex. 5. Baker filed no application for state habeas corpus relief, choosing instead to submit this § 2254 petition on May 9, 2011.[1] Baker reiterates the same claims he made on direct appeal. As

---

[1] A pleading submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Baker certified that he placed his habeas application in the prison mailing system on May 9, 2011, Pet. at 15, and it was date-stamped as

respondent has filed a Motion to Dismiss and Rule 5 Answer, and petitioner has opted to file no reply, the matter is now ripe for review.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). In addition, in order to preserve the right to federal collateral review, a petitioner must have fairly presented to the state courts a claim that his federal rights were violated. Id. at 365.

Here, it is arguable that Baker's claims were not properly exhausted, as they were not expressed as errors of constitutional dimension when presented on his direct appeal, and no federal constitutional principles or case law were cited in support of his position. Resp. Ex. 2. However, 28 U.S.C. § 2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003)

---

received by the Clerk on May 18, 2011. Pet. at 1. Respondent acknowledges correctly that the petition was timely filed, in accordance with 28 U.S.C. § 2244. Resp. Brief at 2.

(affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted").  Because the claims raised in this petition are clearly without merit, the Court will exercise that discretion here.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."  Id. at 413.  Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  Importantly, this standard of reasonableness is an objective one. Id. at 410.  Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves."  McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

4

**IV. Analysis**

A. Claim One

In the first claim of this petition, Baker contends that the trial court erred in refusing his proffered special jury instruction on the shared criminal intent necessary to convict a defendant under the theory of concert of action.  As respondent argues, this claim is procedurally defaulted from federal review. When Baker made the same argument on direct appeal, the Court of Appeals held as follows:

> ... [Appellant] contends the trial court erred 'in refusing to grant [his] jury instructions on the shared criminal intent necessary to convict [him] under the theory of concert of action.'
>
> Appellant's instructions, however, do not appear in the record. Additionally, the transcript does not provide us with the texts of the disputed instructions. We cannot pass judgment on the appropriateness of the trial court's rejection of appellant's instructions without knowing precisely what they said.
>
> Under settled principles, 'the circuit court's judgment is presumptively correct and the burden is on the appellant to present a sufficient record to permit a determination whether the circuit court committed an alleged error.' Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001). We cannot rely on the appellant's 'petition or brief,' Oliver v. Commonwealth, 35 Va. App. 286, 296 - 97, 544 S.E. 2d 870, 875 (2001) (citation omitted), or 'counsel's recollection of what occurred' in the trial court. Bryant v. Commonwealth, 189 Va. 310, 320, 53 S.E.2d 54, 59 (1949). We must rely solely on the trial court record. Id.   For these reasons, we hold that appellant's failure to ensure that the record includes the texts of the instructions precludes us from evaluating his claim that the trial court erred by refusing them.

Baker v. Commonwealth, supra, slip op. at 1 - 2.

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing

5

28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Virginia court dismissed petitioner's first claim on the basis of the settled procedural rule that an appellant must supply the appellate court with a record that is adequate to allow the court to rule on the claims presented. This rule is consistently applied in Virginia. See, e.g., Shaikh v. Johnson, 276 Va. 537, 545, 666 S.E.2d 325, 328 (2008) ("[T]he onus is upon the appellant to provide [the appellate court] with a sufficient record from which [it] can decide whether the trial court erred as alleged. A failure to furnish a record will result in an affirmance of the judgment appealed from."); White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) ("If an insufficient record is furnished, the judgment appealed from will be affirmed.") Federal courts previously have recognized that this requirement constitutes an adequate and independent state law ground for dismissal. See Thomas v. Johnson, 2008 WL 517011 at *5 (W.D. Va. Feb. 25, 2008), appeal dismissed, 286 Fed. App'x 107 (4th Cir. Aug. 8, 2008) (holding that the "transcript rule" is "well-established and regularly enforced," and "provides an adequate and independent state law ground for dismissal"); Cutchin v. Pearson, 2006 WL 2659982 at *4 (W.D. Va. Sept. 15, 2006), appeal dismissed, 216 Fed. App'x 377 (4th Cir. Feb. 8, 2007), cert. denied, 552 U.S. 876 (2007) (holding that the "indispensable transcript rule, Rule 5A:8 of the

Supreme Court of Virginia" is "an independent and adequate state law ground for dismissal.")
In response to respondent's invocation of the procedural bar defense as to his first claim, Baker
has come forward with no showing of cause and prejudice or a fundamental miscarriage of
justice. Cf. Harris, 489 U.S. at 260. Therefore, the first claim of this petition is procedurally
barred from consideration on the merits.[2]

   B. Claim Two

   In the second claim of this petition, Baker argues that the trial court erred in denying his
motion to strike the Commonwealth's evidence because there was insufficient evidence that
Baker shared the criminal intent of the victim's principal assailant and no evidence that he fired
the fatal shot. On direct appeal, the Virginia Court of Appeals found this argument to be without
merit for the following reasons:

---

[2]It is true that the Virginia court went on to reject Baker's first claim on the merits in the
alternative, noting that "[w]hen granted instructions fully and fairly cover a principle of law, a trial
court does not abuse its discretion in refusing another instruction relating to the same legal
principle," and holding that in Baker's case, "[t]he granted jury instructions on concert of action fully
and fairly covered the principle of law." Baker v. Commonwealth, supra, slip op. at 2, quoting
Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E. 2d 775, 778 (2003) (en banc). That does
not change the result here for two reasons. First, it is well established that when a state court has
ruled in the alternative that a claim is both procedurally defaulted and without merit, a federal court
on habeas review should apply the procedural bar. Harris, 489 U.S. at 264, n. 10 ("[A] state court
need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition,
the adequate and independent state ground doctrine requires the federal court to honor a state holding
that is a sufficient basis for the state court's judgment, even when the state court also relies on
federal law.") (emphasis original). Second, if it were appropriate to reach the merits of Baker's first
claim, he would be entitled to no relief. The propriety of state court jury instructions is a matter of
state law, Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir. 1976), and "[i]t is only in circumstances
where instructions impinge on fundamental fairness or infringe on specific constitutional or federal
protections that a federal question is presented," such that relief under § 2254 would be available.
Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). Because the instructions the jury
received on concert of action in Baker's case "fully and fairly covered the principle of law," Baker,
slip op. at 2, he cannot make such a showing here.

The police recovered eight cartridge casings at the crime scene. All were fired from the same gun which was recovered near appellant's vehicle after the police pursued appellant.

Deante Mitchell testified appellant admitted shooting Yates and that after he fired, he gave the gun to Norman, who also fired at Yates. Omar Alston also testified appellant admitted he and Norman shot Yates. Appellant told Allston that he and Norman had planned to rob Yates after observing him flashing money at the club. He explained Norman planned to hold Yates until appellant arrived with the gun. Another witness observed the shooting and indicated both men shot at Yates using the same weapon.

> We have defined 'concert of action' as an 'action that has been planned, arranged, adjusted, agreed on and settled between the parties acting together pursuant to some design or scheme.' All participants in such planned enterprises may be held accountable for incidental crimes committed by another participant during the enterprise even though not originally or specifically designed.

Berkeley v. Commonwealth, 19 Va. App. 279, 283, 451 S.E.2d 41, 43 (1994) (quoting Rollston v. Commonwealth, 11 Va. App. 535, 542, 399 S.E.2d 823, 827 (1991)). Thus, 'where two or more people act in concert in the commission of a felony, and one felon shoots a person, that felon's intent is transferred and shared with the other felon as a principal in the second degree.' Rivers v. Commonwealth, 21 Va. App. 416, 421 - 22, 464 S.E.2d 549, 551 (1995) (quoting Berkeley, 19 Va. App. at 293, 451 S.E.2d at 48).

In this case, although the evidence indicates Norman fired the fatal shot, the evidence also established that appellant and Norman acted together pursuant to a scheme which involved robbing the victim with a gun. Appellant also fired the weapon which Norman later used to kill Yates. The record fully supports the jury's conclusion that appellant was accountable for Yates' death. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of first-degree murder and use of a firearm during the commission of a felony.

Baker v. Commonwealth, supra, slip. op. at 2 - 3. Because the foregoing order was the last

8

reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981), and a petitioner can rebut this presumption of correctness only by "clear and convincing evidence." Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003). The federal inquiry is not whether the trier of fact made the correct determination of a petitioner's guilt or innocence, but instead is concerned only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993); Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review").

Here, for the reasons which are thoroughly explained in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Baker guilty of the murder with which he was charged. See Jackson, 443 U.S. at 319. In his argument in support of his contrary claim, Baker essentially urges the Court to revisit the testimony and evidence and to weigh it differently than did the trier of fact, a process which is not permitted on § 2254 review. Wilson, 155 F.3d at

9

405-06; see also, Marshall v. Lonberger, 459 U.S. 422, 433 (1983) (holding that a federal court on habeas review has no license to re-determine the credibility of witnesses). Because the state courts' determination that Baker's conviction is supported by sufficient evidence was neither contrary to, nor an unreasonable application of, controlling federal law, Jackson, supra, and was not based on an unreasonable interpretation of the record facts, the same conclusion is compelled here. Williams, 529 U.S. at 412 - 13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for a writ of habeas corpus will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this _____15th_____ day of _____December_____ 2011.

Alexandria, Virginia

_____ /s/ _____
Liam O'Grady
United States District Judge